Moncure, J.
delivered the opinion of the court.
Several very interesting questions were discussed in this case, which it will be unnecessary, if not improper, at this time to decide. Among other objections taken by the appellants’ counsel to the decree of the Circuit court is that of want of proper parties; which we are of opinion is fatal. The suit was brought to recover of an administrator the distributable balance due by him. The only distributees were the widow and child of the decedent; and neither of them was a party. Both were necessary parties. In general one distributee cannot maintain a suit to recover his distributable share without making the other distributees parties. Story’s Eq. Pl., § 89; Richardson's ex'or v. Hunt, 2 Munf. 148; Sheppard's ex'or v. Starke, 3 Id. 29. So that if this suit had been properly brought in the name of either of the distributees, it could not have been sustained without making the other a party. But it is properly brought in the name of neither; and a fortiori, it cannot be sustained. If the appellee in *275 tended to assert in the suit the claim of his wife as a distributee, he should have made her a coplaintiff with himself. If he intended to assert the claim of ward as a distributee, the suit should have been in the name of the infant by his next friend, and not in the * . . name of the guardian, even though he be described in the bill as “ guardian of the ward.” A guardian is not authorized to file a bill in his own name to obtain possession of the property of his ward, but must file it in the name of the ward as his next friend. This was expressly decided by this court in the case of Lemon, guardian, v. Hansbarger, 6 Gratt. 301; and also by the Court of chancery of New York in the case of Bradley v. Amidon, 10 Paige’s R. 235. The wife was also a proper party, because she was one of the administrators and a co-obligor in the administration bond given by them.
But the counsel for the appellee contended that' this objection, not having been made in the court below, now comes too late. But it was not waived in the court below; the want of parties appeared on the face of the bill; and in such cases it is well settled that the objection is fatal in the appellate court, though not taken in the court below. 2 Rob. Pr. 276, 433, and cases cited; Richardson's ex'or v. Hunt, 2 Munf. 148; Sheppard's ex'or v. Starke, 3 Munf. 29.
The decree must therefore be reversed for want of proper parties. But ought the bill to be dismissed, or the case remanded, and permission given to amend the bill and make the proper parties ? In the case of Lemon, guardian, v. Hansbarger, 6 Gratt. 301, the bill was dismissed: and that would be the proper course in this case if the appellee had no further connection with, or interest in, the case than as guardian of the infant. A bill filed by a sole plaintiff having no interest whatever in the subject matter of the suit, must be dismissed. Bradley v. Amidon, 10 Paige’s R. 235. But *276 the appellee was otherwise interested in the case. Hé was interested as husband of one of the disbutees, and was therefore a proper party to the suit. He should have joined his wife with him, who was also a proper party. But his omission to do so, though a defect, is not a. radical one, and may be cured by amendment. It may be said that he sued in auter droit, as guardian and not as husband. But he cannot sue as guardian'; and the words “ guardian of Robertson Hanger, an infant under the age of 21 years,” are mere descrijjtio persona, and do not change the personal character of the suit. It is only the individual suit of the appellee. The bill states a case and asserts a claim in which not only the infant, but the appellee and wife are interested. By striking out the descriptive words, and inserting the name of the wife, and that of Robertson Hanger, by his next friend if he be yet an infant, or making him a 'defendant, the defect of the bill would be cured.
We are therefore of opinion that the decree should be reversed, and the cause remanded in order that proper parties may be made, and further proceedings had ’therein.
Decree reversed.